UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VALDEZ TORRES,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION CENTER, et al.,<br>Respondents. | No. 1:26-cv-07473-DC-CKD (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS CONVERTED TO A MOTION FOR A PRELIMINARY INJUNCTION, AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2) filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) In his motion, Petitioner states that he was detained on November 3, 2025, more than ten months before filing his motion. Petitioner does not explain why he did not seek injunctive relief sooner. Notably, Local Rule 231(b) states: "In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." L.R. 231(b). Because Petitioner's motion for a temporary restraining order is untimely, the court will convert that motion to a motion for preliminary injunction.

Moreover, noncitizens present without admission who are apprehended in the interior of

the United States are subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under § 1225(b), and are entitled to a custody redetermination hearing at which their eligibility for release on bond must be considered. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). Further, this court has previously addressed the legal issues raised by Count Two of the petition. (Doc. No. 1 at 5–6.) Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, 2026 WL 539409 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, 2026 WL 1131003 (E.D. Cal. Apr. 25, 2026) (same as to noncitizen who lived in United States for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, 2026 WL 1482712 (E.D. Cal. May 27, 2026) (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, 2026 WL 1134641 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, 2026 WL 640924 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years).

On September 15, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose

simultaneous resolution of the motion and habeas petition. (Doc. No. 4.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Alvarez Maciel* and *Barajas Ortiz*. (*Id.*)

On September 17, 2026, Respondents filed their opposition to Petitioner's motion on the same legal grounds as those addressed by the court in *Alvarez Maciel* and *Barajas Ortiz*, but acknowledge that under the binding precedent set forth under *Rodriguez Vazquez*, Petitioner's detention is governed by § 1226(a). (Doc. No. 7.) Respondents also state that Petitioner was detained by immigration authorities "after DHS discovered an outstanding homicide warrant" for Petitioner, and attach Petitioner's Form I-213 indicating that Petitioner has an "outstanding INTERPOL Red Notice Warrant (2024/3167) issued by the country of Mexico" in which Petitioner "is listed as wanted in Mexico for the alleged crime of HOMICIDE which was confirmed by the USNCB." (*Id.* at 2; Doc. No. 7-1 at 3.) Respondents also "do not oppose the Court ruling directly on Count Two of the Petition." (Doc. No. 7 at 2.) Petitioner opted not to file a reply brief and thus has not disputed Respondents' factual allegations nor affirmatively opposed the court simultaneously ruling on his petition and motion.

Because Respondents have not made any new legal arguments or identified any legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order, converted to a motion for a preliminary injunction (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count Two for the reasons set forth in the court's order in *Zuniga Cruz*.[1] However, unlike the petitioner in *Zuniga Cruz* who had no criminal record, here, Petitioner does not dispute that he was detained by immigration authorities after the department of homeland security became aware

---

[1] Because the court is granting the petition on the statutory claim (Count Two), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

that there was an outstanding INTERPOL Red Notice Warrant charging Petitioner with homicide. (Doc. No. 7 at 2; 7-1 at 3.) This court has previously found that where, as here, it appears there may have been a non-pretextual basis to promptly detain a noncitizen who has not previously been released from immigration custody pending removal proceedings, the proper remedy for the government's failure to provide the petitioner with a bond hearing is a post-deprivation bond hearing, not immediate release. *See, e.g.*, *Zejada v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-05651-DC-CSK, 2026 WL 2254595 (E.D. Cal. Aug. 5, 2026) (finding a bond hearing to be the proper remedy where the petitioner was detained by immigration authorities following his arrest for the crime of threatening another with the intent to terrorize, for which he had a pending felony charge).

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order, converted to a motion for a preliminary injunction (Doc. No. 2), are GRANTED as follows:

   a. Within fourteen (14) days of the date of entry of this order, Respondents are ORDERED to provide Petitioner Juan Carlos Valdez Torres (A-240-174-103) with a bond hearing before an immigration judge pursuant to 8 C.F.R. § 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

   b. Respondents are ORDERED to provide Petitioner with seven (7) days' advance notice of the date and time of the scheduled bond hearing and allow Petitioner to have counsel present at the hearing should he so desire; and

   c. Within seventeen (17) days of the date of entry of this order, Respondents are ORDERED to file a status report with this court certifying compliance with this order and attaching, as applicable, the immigration judge's order from the bond hearing;

2. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde

Detention Facility; and

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 25, 2026**

Dena Coggins
United States District Judge